J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>MAJORWAGER.COM, INC., an Ontario, Canada corporation,<br><br>Defendant. | Case No.: 2:10-cv-0484-RCJ-LRL<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY** |

    Righthaven LLC ("Righthaven") hereby submits a reply in support of its motion for leave to conduct jurisdictional discovery pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.  This reply is supported by the accompanying declaration of Joseph C. Chu ("Chu Decl."), and is based upon the Memorandum of Points and Authorities set forth below, the pleadings on record with the Court, and any oral argument of counsel to be entertained by the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In the Opposition,[1] Defendant MajorWager.com, Inc. ("MajorWager") ultimately argues that Righthaven's request for jurisdictional discovery should only be granted if Righthaven is able to definitively prove the jurisdictional case. In other words, regardless of the substantial, clearly sufficient nature of Righthaven's jurisdictional allegations and supporting evidence, MajorWager contends that said allegations must be classified as sheer speculation and guesswork because they fall short of unequivocally establishing the Court's jurisdiction. However, MajorWager not only fails to contest the notion that MajorWager's most profound forum contacts are with the State of Nevada, but MajorWager also fails to address Righthaven's jurisdictional allegations beyond the assertion of thinly supported denials. Nevertheless, MajorWager's Opposition demonstrates the numerous evidentiary disputes at issue in this lawsuit. These evidentiary issues, the truth of which neither Righthaven nor the Court should be forced to take on faith, exemplify the propriety of jurisdictional discovery.

Furthermore, despite MajorWager's shockingly erroneous assertions to the contrary, Righthaven has alleged substantial jurisdictional allegations and exhibited extensive evidence in support thereof, all of which bears directly on the MajorWager's jurisdictional ties to Nevada. Said allegations are not bare or hypothesized presentments that fail to sufficiently justify discovery; instead, Righthaven's fact-based allegations are soundly supported by evidence and constitute colorable, independently viable grounds warranting the exercise of the Court's jurisdiction. Moreover, MajorWager's egregious factual and legal misrepresentations – apparently asserted to avoid jurisdictional discovery – ironically have the dual effect of diminishing MajorWager's credibility with the Court and definitively exposing the erroneous nature of MajorWager's position.

---

[1] MajorWager's Opposition to Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (Docket No. 15), known herein as the "Opposition."

## II. ARGUMENT

### A. *Righthaven's Fact-Based, Substantiated Allegations Far Exceed Sheer Speculation and Demonstrate: (1) MajorWager's Jurisdictional Ties to Nevada and, Alternatively, (2) the Propriety of Jurisdictional Discovery*

Contrary to MajorWager's unfathomable contentions, Righthaven has presented clearly sufficient, fact-based allegations and substantiated said allegations with impactful evidence, all of which bears directly on the Court's jurisdictional analysis. Amazingly, virtually all of Righthaven's jurisdictional presentments are wholly disregarded by MajorWager through MajorWager's assertion of dismissive, flagrantly inaccurate statements set forth in the Opposition. However, despite MajorWager's ignorance, Righthaven's extensive allegations ultimately exemplify the strength of the Court's personal jurisdiction over MajorWager, or, alternatively, demonstrate the propriety of jurisdictional discovery.

#### 1. *Righthaven has Sufficiently Presented Jurisdictional Facts*

Righthaven's jurisdictional allegations – as pled in the Complaint[2] and repeatedly argued in Righthaven's subsequent briefs[3] – are well-founded in fact and plainly substantiated by evidence. As such, the Court should not be persuaded by MajorWager's incredible, utterly preposterous claim that Righthaven has "failed to allege jurisdictional facts." (Opp'n to Mot. for Jurisdictional Disc. 1:26) Nor should the Court accept MajorWager's claim that the jurisdictional allegations are merely "speculative." (Opp'n to Mot. for Jurisdictional Disc. 4:1) These shortsighted statements are proven unequivocally false upon review of the following jurisdictional facts:

---

[2] On August 25, 2010, Righthaven filed a Motion for Leave to File the First Amended Complaint and concurrently submitted Righthaven's proposed First Amended Complaint (Docket No. 17). The proposed First Amended Complaint asserts seven claims for relief arising from MajorWager's infringement of Righthaven-owned copyrighted works, and also sets forth additional jurisdictional allegations. (First Am. Compl. ¶¶ 9-94, 129-219.) However, as the Court has not yet ruled on Righthaven's Motion for Leave to File the First Amended Complaint, the instant Reply refers exclusively to Righthaven's original Complaint (Docket No. 1).

[3] *See* Righthaven's Opposition to MajorWager's Motion to Dismiss (Docket No. 9); Righthaven's Motion for Leave to Conduct Jurisdictional Discovery (Docket No. 12), on file herein.

- As of the filing of this lawsuit, unauthorized copies of no less than 14 Righthaven-owned literary works were publicly displayed on the MajorWager website. (Compl. ¶¶ 10-48, 60.) (Compl. Ex. 1-14, 16.)
- The 14 infringed Righthaven-owned literary works publicly displayed on the MajorWager website clearly emanated from a Nevada-based source and purposefully targeted Nevada residents. (Compl. ¶¶ 10-48.) (Compl. Ex. 1-14.)
- Literary works emanating from Nevada are regularly posted on the MajorWager website. (Compl. ¶ 49.)
- MajorWager publishes, at least once per week, content reflecting current odds posted by Nevada-based sports books on the MajorWager website. (Compl. ¶ 50.)
- As of the filing of this lawsuit, Clevfan, the user who purportedly posted the infringements of Righthaven-owned literary works on the MajorWager website, was plainly identified as "Staff" by the MajorWager website. (Compl. Ex. 1-13, 16.)
- As of the filing of this lawsuit, Clevfan was one of only five users listed under the "Contact Us" section of the MajorWager website. (Opp'n to Mot. to Dismiss Ex. 3.)
- The topics/subjects listed in the "Forums" section of the MajorWager website, and the content posted therein, predominantly concern sports wagering and other gambling activities, and thus are of specific interest to Nevada residents. (*See* Opp'n to Mot. to Dismiss Ex. 5.) (Opp'n to Mot. to Dismiss 23-25)

Accordingly, it is simply absurd for MajorWager to claim that Righthaven has failed to allege jurisdictional facts. Also, by proffering this claim in the preliminary statement of the Opposition, (*See* Opp'n to Mot. for Jurisdictional Disc. 1:26) MajorWager effectively tarnishes its credibility from the outset of the argument. Furthermore, the allegations identified above far exceed mere speculation and guesswork: said allegations provide separate, viable bases upon which the Court may reasonably exercise both general and specific personal jurisdiction. For instance, general jurisdiction may be warranted in light of MajorWager's continuous display of sports wagering and gambling-related content of particular interest to Nevada residents, including the weekly display of wagering odds derived from Nevada-based sports books. *See*

4

*Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415-416 (1984).  On the other hand, a strong case for specific jurisdiction arises from MajorWager's blatant infringement of no less than 14 literary works knowingly emanating from Nevada, the public display of which was specifically directed at Nevada residents. *See Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004).  While MajorWager effectively argues that Righthaven must somehow definitively and irrefutably prove the jurisdictional case in order to perform jurisdictional discovery, MajorWager fails to cite any applicable authority to substantiate this arbitrary threshold.  Contrarily, as most of the above allegations were first articulated in the Complaint, Righthaven undoubtedly satisfied its jurisdictional pleading requirement, as governed by the basic pleading standard under Rule 8(a). Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction . . ."). Consequently, in light of Righthaven's extensive jurisdictional allegations, no reasonable argument can be made that Righthaven has failed to allege sufficient jurisdictional facts.

### 2. *The Court Need Not Simply Take MajorWager's Word: All Controverted Jurisdictional Facts Should be Subject to Discovery*

As many of the jurisdictional facts alleged by Righthaven are apparently challenged in both MajorWager's Opposition and the supporting declarations of MajorWager President and CEO Russ Hawkins ("Mr. Hawkins"), jurisdictional discovery is clearly the appropriate mechanism to resolve these enduring factual disputes.  In fact, jurisdictional discovery is liberally permitted by the courts for ***precisely this purpose***: to clarify the jurisdictional facts when such facts are deemed to be controverted. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977) ("[D]iscovery should be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary"); *see also Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (explaining that courts are afforded "a significant amount of leeway in deciding whether parties may conduct discovery relating to jurisdictional issues while a motion to dismiss is pending"). And while the majority of MajorWager's challenges are comprised

entirely of thinly supported denials, these denials nevertheless muddy the jurisdictional waters and give rise to the propriety of discovery.

     A cursory comparison of Righthaven's factual allegations set forth on page 4, *supra*, with the declared statements of Mr. Hawkins plainly depicts the controverted nature of the pertinent jurisdictional issues. As demonstrated above, Righthaven has both alleged and exhibited substantial evidence depicting: (1) Clevfan's apparent enduring status as a MajorWager employee at the time of the subject infringement, (Compl. Ex. 1-13, 16.) (Opp'n to Mot. to Dismiss Ex. 3.) (2) the manner in which MajorWager regularly displayed content of specific interest to Nevada residents, (Compl. ¶ 50.) (Opp'n to Mot. to Dismiss Ex. 5.) and (3) the manner in which MajorWager continuously displayed content emanating from Nevada-based publications. (Compl. ¶¶ 10-49, 60.)  Conversely, Mr. Hawkins refutes these allegations, asserting that: (1) Clevfan is now a *former* employee of MajorWager and is no longer affiliated with MajorWager, (Hawkins Decl. ¶ 5.) (2) the MajorWager website does not expressly target Nevada residents, (Hawkins Decl. ¶ 5.) and (3) MajorWager's contacts with Nevada are not continuous and systematic. (Hawkins Decl. ¶ 7.)[4] In short, the jurisdictional facts put forth by Righthaven are unquestionably at odds with the purported facts offered by MajorWager. Accordingly, this Court should follow its own precedent, wherein jurisdictional discovery has been deemed appropriate when "the jurisdictional facts are contested or more facts are needed." *Klein v. Freedom Strategic Partners, LLC*, 595 F.Supp. 1152, 1160 (D. Nev. 2009). Alternatively, MajorWager is requesting that the Court accept its word as the exclusive, unchallengeable truth. However, if the courts were to adhere to MajorWager's logic, any defendant could escape a foreign court's sound personal jurisdiction merely by denying the plaintiff's jurisdictional allegations, regardless of the plaintiff's presentment of substantial evidence in support of said allegations. Such an unjust result should not be permitted by the Court.

---

[4] As Righthaven's jurisdictional allegations clearly refute the purported facts proffered by Mr. Hawkins, MajorWager's claim that Righthaven "has failed to present any facts to . . . contradict the declared statements made by MajorWager's CEO, Russ Hawkins" (Opp'n to Mot. for Jurisdictional Disc. 2:3-5) represents a remarkable departure from reality.

Should the Court grant Righthaven's request for discovery, the contested jurisdictional issues will undoubtedly be clarified.  For instance, jurisdictional discovery will likely clarify whether Clevfan continues to operate as an employee or agent of MajorWager, and clarify the nature of Clevfan's enduring relationship with MajorWager.  Moreover, while MajorWager claims that it "[h]as never conducted any business in Nevada," (Opp'n to Mot. for Jurisdictional Disc. 6:25) this presumptuous statement should not be subjected to a traditional brick-and-mortar analysis in light of the digital backdrop of the present lawsuit.  Rather, in an action arising from Internet-based copyright infringement, the determination of whether MajorWager has ever "conducted business in Nevada" requires a far more technical analysis that should appropriately be examined through discovery.  Similarly, the list of purported facts set forth in MajorWager's Opposition further exemplifies the propriety of discovery. (*See* Opp'n to Mot. for Jurisdictional Disc. 6:25-28; 7:1-27).  These purported facts include such statements as: MajorWager "[h]as never advertised in Nevada." (Opp'n to Mot. for Jurisdictional Disc. 7:4)  Once again, under the present circumstances, this generalized statement gives rise to a variety of interpretations and should therefore be susceptible to discovery.  Simply stated, Righthaven urges the Court to not exclusively rely on MajorWager's word as a basis for determining jurisdiction.

### B. *The Court Should Not be Misled by MajorWager's Erroneous Application of Ninth Circuit Precedent*

MajorWager's want of credibility is further exemplified by MajorWager's unfounded reliance on Ninth Circuit case law.  In fact, the cases cited by MajorWager in support of the Opposition are actually detrimental to MajorWager's argument. (*See* Opp'n to Mot. for Jurisdictional Disc. 2:25-28; 3:1-7)  First, MajorWager cites the Ninth Circuit's decision in *Pebble Beach v. Caddy,* 453 F.3d 1151, 1160 (9th Cir. 2006), wherein jurisdictional discovery was denied based on the bare nature of the plaintiff's jurisdictional allegations and defendant's specific denials of the same.  However, in *Pebble Beach*, the plaintiff's argument for personal jurisdiction in California was based solely on the England-based defendant's use of the "Pebble Beach" name on the defendant's hotel website. *Id.* at 1156.  The court found that this alleged

7

fact, standing alone, did not constitute the defendant's purposeful availment, thereby precluding jurisdiction in California.[5] *Id.* The *Pebble Beach* opinion does not suggest that the plaintiff made any additional jurisdictional allegations, and that because "the record was sufficiently developed for the district court to rule on all remaining issues pertaining to jurisdiction," that jurisdictional discovery was properly denied. *Id.* at 1160. These facts are highly distinguishable from those at present. In the instant action, Righthaven has put forth numerous jurisdictional allegations, all of which provide independently viable grounds for the Court's exercise of jurisdiction. These allegations include, but are not limited to, MajorWager's serial infringement of Righthaven-owned literary works emanating from Nevada, (Compl. ¶¶ 10-48, 60.) (Compl. Ex. 1-14, 16.) MajorWager's public display of sports wagering odds originating from Nevada-based sports books, (Compl. ¶ 50.) and MajorWager's specific targeting of Nevada residents through the repeated display of sports wagering and gambling-related content on the MajorWager website. (*See* Opp'n to Mot. to Dismiss Ex. 5.) These allegations are supported by evidence and provide separate, legitimate jurisdictional bases.

MajorWager's reliance on the Ninth Circuit's holding in *Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir. 2008) is equally erroneous. (Opp'n to Mot. for Jurisdictional Disc. 2: 26-28) Like the plaintiff in *Pebble Beach*, the *Boschetto* plaintiff's request for jurisdictional discovery is denied based on the plaintiff's obvious failure to allege sufficient jurisdictional facts. *Id.* The Ninth Circuit explained that due to the absence of jurisdictional allegations, the plaintiff's request for discovery "was based on little more than a hunch that it might yield jurisdictionally relevant facts." *Id.* Contrarily, Righthaven's request for discovery is based on much more than a simple hunch. Righthaven's request specifically details the various controverted facts pertinent to the Court's jurisdictional analysis, and clearly outlines both the general nature of the discovery sought and the jurisdictional issues expected to be clarified through discovery. (*See* Mot. for Jurisdictional Disc. 5-6, 8-12) Accordingly, the facts in *Boschetto* cannot reasonably be

---

[5] Additionally, the *Pebble Beach* court merely states that, under such circumstances, "the Court **need not permit** even limited discovery." *Pebble Beach,* 453 F.3d at 1160 (emphasis added). In other words, the *Pebble Beach* court was not saying that jurisdictional discovery was **absolutely prohibited**; the court simply elected not to permit such discovery in light of the plaintiff's meager jurisdictional argument. *Id.*

compared to the facts at present, and MajorWager's attempt to cite the *Boschetto* court's holding in support of MajorWager's Opposition is both misleading and disingenuous.

Similarly inapplicable is MajorWager's citation of *Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Investment, Inc.,* 788 F.2d 535 (9th Cir. 1986). (Opp'n to Mot. for Jurisdictional Disc. 3: 2-7)  In *Butcher's Union*, the plaintiffs' bare request for jurisdictional discovery stated only that the plaintiffs would "need to engage in discovery in order to support the jurisdictional allegations." *Id.* at 540.  This request failed to "indicate the theory upon which these allegations were based." *Id.*  Instead, the plaintiffs in *Butcher's Union* merely speculated that they "believe[d]" that discovery would allow the plaintiffs to demonstrate the defendants' minimum contacts. *Id.*  The Ninth Circuit deemed this request insufficient and consequently affirmed the district court's denial of jurisdictional discovery. *Id.*  By comparison, in the instant matter, Righthaven filed an entire motion exclusively directed towards a request for jurisdictional discovery. (Docket No. 12)  Said motion sheds light on the various facts pertinent to the jurisdictional analysis, the manner in which these facts are disputed by the parties, and the general form of discovery necessary to achieve clarification. (*See* Mot. for Jurisdictional Disc. 5-6, 8-12)  Righthaven also specifies the theories upon which the Court's jurisdiction will be established by way of discovery, such as through Clevfan's affiliation with MajorWager, the extent of MajorWager's contacts with Nevada and Nevada residents, and the revenues derived from the MajorWager website. (Mot. for Jurisdictional Disc. 10:22-28)  Furthermore, unlike the plaintiffs in *Butcher's Union*, Righthaven's motion does not merely speculate that Righthaven *believes* that discovery will yield jurisdictional clarity; Righthaven's motion definitively and repeatedly emphasizes that discovery "will unequivocally establish the validity of Righthaven's allegation[s]." (Mot. for Jurisdictional Disc. 9:5-24)  In fact, logic would dictate that had the Ninth Circuit been dealing with the present facts rather than the thin jurisdictional facts at issue in *Butcher's Union*, jurisdictional discovery may well have been permitted.  As such, in addition to effectively harming MajorWager's credibility, MajorWager's misleading presentment of the *Butcher's Union* analysis – as applied to the facts at present – actually exemplifies the propriety of jurisdictional discovery in this lawsuit.

### C. *MajorWager Will Not be Unduly Burdened by Jurisdictional Discovery*

In the event that this Court chooses not to deny MajorWager's pending motion to dismiss, MajorWager will not be unduly burdened by the performance of jurisdictional discovery. The Court should not be persuaded by MajorWager's arguments to the contrary, some of which are presumptuous, some of which are disturbingly inaccurate. Ultimately, the potential burden imposed on MajorWager arising from reasonable jurisdictional discovery – if any – is far too minimal to substantially impact the Court's analysis.

First, MajorWager incorrectly assumes that Righthaven's outline of sought-after discovery is not subject to consolidation. (*See* Mot. for Jurisdictional Disc. 12:1-14)  For instance, MajorWager notes that Righthaven identified four potential deponents: (1) the person most knowledgeable about MajorWager's general operations, (2) the person most knowledgeable about MajorWager's website, (3) Mr. Hawkins, and (4) Clevfan. (Opp'n to Mot. for Jurisdictional Disc. 4:14-16)  MajorWager classifies Righthaven's request as "overkill," pointing out that MajorWager is a "1-person company" run by Mr. Hawkins. (Opp'n to Mot. for Jurisdictional Disc. 4:17-19)  Thus, as Mr. Hawkins is able to testify in multiple capacities, Righthaven does not object to reducing this discovery proposal to two deponents: (1) Mr. Hawkins and (2) Clevfan.  Moreover, while MajorWager argues that "[e]ven one overly broad document request or interrogatory could impose a sever [sic] burden on MajorWager," (Opp'n to Mot. for Jurisdictional Disc. 4:22-23) this assertion altogether ignores Righthaven's unambiguous acknowledgement that "Righthaven will submit to the Court's direction regarding the scope of jurisdictional discovery and ***any limitations related thereto***." (Mot. for Jurisdictional Disc. 12:12-14) (emphasis added).  As such, Righthaven has clearly submitted to the Court's oversight regarding the nature and extent of the parties' discovery requests; by no means is Righthaven seeking to maintain unilateral control over the discovery process. MajorWager will also not be burdened solely because MajorWager is a "1-person company," as MajorWager adamantly contends. (*See* Opp'n to Mot. for Jurisdictional Disc. 4:17-24) Righthaven asserts that the opposite is true: the burden of arranging travel, coordinating schedules, and organizing evidence is far more difficult for large corporations with numerous

10

employees. In other words, it is entirely reasonable to believe that coordinating a discovery schedule for a company run by *a single person* would be far less complicated.

Perhaps most disturbingly, MajorWager states that MajorWager will also be burdened because MajorWager is a Canadian corporation and that any jurisdictional discovery in this matter "must, therefore, proceed under the Hague Evidence Convention." (Opp'n to Mot. for Jurisdictional Disc. 4:26-28, 5:1)  However, according to the Hague Conference on Private International Law website, [6] Canada is **_not a signatory to the Hague Evidence Convention_**. (Chu Decl. ¶ 5.) (Chu Decl. Ex. 2.)  Thus, the protections afforded to many international defendants subjected to discovery appear not to apply to Canadian-based defendants such as MajorWager. Nevertheless, MajorWager cites three cases to support the applicability of the Hague Evidence Convention:[7] *Geo-Culture, Inc. v. Siam Investment Management S.A.,* 936 F.2d 1063 (Or. App. 1997), *Jenco v. Martech International, Inc.,* 86-4229, 1988 WL 54733 (E.D. La. May 19, 1988), and *Knight v. Ford Motor Company,* 615 A.2d 297 (N.J. Super. 1992).  These three cases concern discovery issues involving defendants located in China, Norway, and Germany, respectively – three countries that, unlike Canada, **_are_** signatories to the Hague Evidence Convention. (Chu Decl. ¶ 6.) (Chu Decl. Ex. 2.)  As such, MajorWager's reference to the Hague Evidence Convention in the instant lawsuit is factually erroneous and offers further evidence of MajorWager's waning credibility with the Court.

### D. _Righthaven Will be Unduly Prejudiced by a Denial of Jurisdictional Discovery_

As substantial prejudice will be imposed upon Righthaven if Righthaven is forced to pursue the instant infringement claim outside of Nevada, this action cannot be dismissed absent a reasonable opportunity for jurisdictional discovery.  MajorWager somehow claims that Righthaven will not be prejudiced, in part, because Righthaven "would simply have to pursue MajorWager in Canada or in a U.S. forum that has personal jurisdiction over MajorWager."

---

[6] *See* http://hcch.e-vision.nl/index_en.php; http://hcch.e-vision.nl/index_en.php?act=conventions.status&cid=82. (Chu Decl. ¶¶ 3-4.) (Chu Decl. Ex. 1-2.)

[7] As noted by the court in *Knight v. Ford Motor Company,* 615 A.2d 297, 298 (N.J. Super. 1992), the Hague Evidence Convention is formally titled: *Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters*, March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444.

(Opp'n to Mot. for Jurisdictional Disc. 5:18-19)  This statement is erroneous on two levels.  First, MajorWager suggests that it will be easy for Righthaven to "simply" pursue MajorWager in Canada, despite having just pleaded to the Court – *on the Opposition's previous page* – how difficult and burdensome would be for a foreign company to litigate an action in another country.  (*See* Opp'n to Mot. for Jurisdictional Disc. 4)  Second, Righthaven challenges MajorWager to posit a single jurisdiction in the United States that is more appropriate, and to which MajorWager has more extensive and robust jurisdictional ties, then the District of Nevada.  MajorWager fails to propose such an alternative jurisdiction because a more appropriate jurisdiction simply *does not exist*.

Equally egregious is MajorWager's bald-faced contention that Righthaven will not be prejudiced by a denial of jurisdictional discovery because MajorWager's infringement is "*de minimis*" and that Righthaven's damages will therefore amount to "somewhere around $750." (Opp'n to Mot. for Jurisdictional Disc. 5:22-25)  This claim, asserted by MajorWager without any substantiation or supporting legal authority, is recklessly conclusive and ignores the applicable law governing damages in copyright actions.  While MajorWager futilely argues that the infringed Righthaven-owned work was freely posted on the Las Vegas *Review-Journal* website and that, therefore, Righthaven has "not suffered any actual damages," (Opp'n to Mot. for Jurisdictional Disc. 5:20-21) the law is venerable that "statutory damages are recoverable without regard to the existence or provability of actual damages." *New Form, Inc. v. Tekila Films, Inc.,* 357 Fed. Appx. 10, 11 (9th Cir. 2009); *Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham, Inc.,* 259 F.3d 1186, 1194 (9th Cir. 2001); *L.A. News Serv. v. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 996 (9th Cir. 1998).  In other words, a copyright plaintiff need not establish any nexus between actual and statutory damages. *See New Form*, 357 Fed. Appx. at 11.  Furthermore, the Supreme Court has held that an award of statutory damages within the limits prescribed by Congress is appropriate "even for uninjurious and unprofitable invasions of copyright." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952).  As such, MajorWager's references to actual damages are entirely irrelevant to the current damages analysis.

Additionally, the willful nature of MajorWager's infringing activity, as demonstrated by the evidence, gives rise to a substantial increase in damages. The Copyright Act expressly allows for damages of up to $150,000 per infringement for infringements deemed willful by the court. 17 U.S.C. § 504(c)(2). Moreover, the willfulness of a defendant's copyright infringement need not be proven directly; willfulness may instead be inferred from the defendant's overall conduct. *See, e.g., N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir. 1992). In *Lanard Toys Ltd. v. Novelty, Inc.,* No. 08-55795, slip op. at 4 (9th Cir. Apr. 13, 2010), the Ninth Circuit considered the following factors in determining whether the defendant's copyright infringement was willful: the "exactitude" of the copying, the presence of additional infringing activity, and the defendant's willful blindness. A similar analysis should be applied at present. The subject infringement represents a verbatim copy of Righthaven's copyrighted work in its entirety. (*See* Compl. Ex. 14, 16.) Furthermore, Righthaven also identified, alleged, and exhibited evidence of no less than 13 additional unauthorized reproductions of Righthaven-owned literary works, all of which were publicly displayed on the MajorWager website. (Compl. ¶¶ 10-48) (Compl. Ex. 1-13.) Finally, the fact that MajorWager operated the "Forums" section on the MajorWager website, wherein users were apparently able to freely post content irrespective of copyright protection, demonstrates that MajorWager was willfully blind towards the inevitable infringing activity occurring on the MajorWager website. (*See* Hawkins Decl. 4.) Consideration of the above facts, viewed in conjunction, sufficiently reflects the willfulness of MajorWager's infringing activity and gives rise to a heightened range of statutory damages under § 504(c)(2). Even assuming, *arguendo*, that the Court chooses not award Righthaven the maximum figure prescribed under the statutory damages matrix, the facts and circumstances surrounding MajorWager's flagrant infringing conduct suggest that the damages in this matter will far exceed the minimal $750 figure calculated through MajorWager's unsupported, entirely self-serving analysis. Consequently, a dismissal of this lawsuit without the opportunity for jurisdictional discovery will prevent Righthaven from receiving a justified award damages, thereby imposing substantial, undeniable prejudice.

### III. CONCLUSION

While Righthaven is confident that Righthaven's Opposition to MajorWager's Motion to Dismiss clearly establishes the Court's jurisdiction in this matter, in the event that the Court chooses not to deny MajorWager's Motion to Dismiss, Righthaven respectfully requests that the Court grant Righthaven's Motion for Leave to Conduct Jurisdictional Discovery.

Dated this twenty-fifth day of August, 2010.

RIGHTHAVEN LLC

By: /s/ Joseph C. Chu
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of Righthaven LLC and that on this twenty-fifth day of August, 2010, I caused the **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY** to be served by the Court's CM/ECF system.

By: /s/ J. Charles Coons

J. CHARLES COONS, ESQ.
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701