## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RIGHTHAVEN, LLC,                    )   Case No.: 2:10-cv-00484-GMN-LRL
                                    )
            Plaintiff,           )           **ORDER**
  vs.                               )
                                    )
MAJORWAGER.COM, INC.,               )
                                    )
            Defendant.           )
                                    )

## **INTRODUCTION**

Before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) for lack of subject matter jurisdiction, lack of personal jurisdiction, and for failure to state a claim upon which relief can be granted (ECF No. 8). Plaintiff filed a response on June 18, 2001 (ECF No. 9) and Defendant filed a reply on June 28, 2010 (ECF No. 11).

IT IS HEREBY ORDERED THAT Defendant's Motion is DENIED.

## **FACTS AND BACKGROUND**

This case arises out of an alleged copyright infringement. Righthaven, LLC ("Plaintiff"), a Nevada corporation, claims that *Majorwager.com*, Inc. ("Defendant"), a Canadian corporation, reproduced and displayed on its website an article owned by Plaintiff. Defendant is the owner and registrant of the Internet domain *majorwager.com*, a website that primarily facilitates online conversation involving topics related to sports betting.[1] Plaintiff is the owner of the copyright entitled "March to Book Begins" that was published in the Las Vegas Review Journal (LVRJ) on March 18, 2010. (Complaint

---

[1] *See* Majorwager.com, http://www.majorwager.com.

Ex. 14, ECF No. 1 ("Article")). On that same day that it was published, the Article was posted in the forum section of Defendant's website. The Article was posted by a person identified only as "CLEVFAN." A question of fact exists as to whether "CLEVFAN" is a mere user of the site or an employee of *Majorwager.com*. The Article itself was essentially an opinion piece discussing the NCAA Men's Basketball Tournament and various betting strategies. On March 24, Stephens Media LLC, a Nevada corporation and parent to the LVRJ, assigned ownership of the Article to Plaintiff as well as the "right to seek redress for past, present and future infringements of copyright." (*See* Copyright Assignment Ex. 1 pg. 2, ECF No. 9-1). The copyright was registered with the Library of Congress and received a registration number on March 29. (*See* Compl. Ex. 15 pg. 64, ECF No. 1-3). The complaint also alleges that the individual identified as "CLEVFAN" posted at least fourteen Righthaven-owned literary works on the Majorwager website between September 2009 and March 2010. (*See* Complaint Ex. 1-13, 16, ECF No.1). On April 7, Plaintiff filed suit.

## ANALYSIS

### I.   Subject Matter Jurisdiction

Defendant claims lack of subject matter jurisdiction and argues that Plaintiff lacks standing to sue because it did not yet own the copyright during the time of the infringement. Federal Rule of Civil Procedure 12(b)(1) allows for dismissal for lack of subject matter jurisdiction. Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. District courts also have original jurisdiction over claims "arising under" federal laws relating to patents, copyrights, trademarks and . . . related claims of unfair completion." 28 U.S.C. §1338 (a), (b); *See Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 336 F.3d 982, 986 (9th Cir. 2003).

1  "The legal or beneficial owner of an exclusive right under a copyright is entitled… to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b).  "A plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1077 (9th Cir. 2004), *see Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  "[O]nly the owner of an exclusive right under the copyright act is entitled to sue for infringement." *Silvers v. Sony Pictures Entm't Inc.*, 402 F.3d 881, 889 (9th Cir. 2005).  The Ninth Circuit held in *Silvers* that an assignor can transfer the ownership interest in an accrued past infringement, but the assignee only has standing to sue if the interest in the past infringement is expressly included in the assignment and the assignee also owns the actual copyrights. *Id*. at 890 (aligning the Ninth Circuit with the Second Circuit as expressed in *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971 (2nd Cir. 1991)).  The Copyright Act outlines qualifying exclusive rights. These rights include reproduction, preparation of derivative works, distribution, and display of copies. 17 U.S.C. § 106(1)–(6).

  In the instant suit, the parties do not dispute that an unauthorized copy of the Article was posted and displayed on Defendant's website.  Rather, Defendant argues that Plaintiff lacks standing to sue because it did not yet own the copyright during the time of the infringement. *See Giddings v. Vision House Production, Inc.*, 584 F.Supp.2d 1222, 1229 (D. Ariz. 2008).  However, the copyright assignment between Righthaven and Stephens Media LLC assigns to Righthaven all exclusive ownership rights in and to the Article posted on Defendant's website, and is expressly inclusive of all previously accrued causes of action related to that article.  Specifically, the assignment provides:

/ / /

> Assignor hereby transfers, vests and assigns [the Article]…to Righthaven…all copyrights requisite to have Righthaven recognized as the copyright owner of the [Article] for purposes of Righthaven being able to claim ownership as well as the right to seek redress for ***past, present and future infringements*** of the copyright in and to the [Article].

(Copyright Assignment Ex. 1 pg. 2, ECF No. 9-1) (emphasis added). The Plaintiff's complaint identifies this Article and therefore provides enough evidence for the Court to reach a plausible inference that rights to the Article as well as past infringements were transferred to Plaintiff. Absent any other evidence to the contrary[2], the assignor (Stephens Media) appears to have successfully transferred the ownership interest in the accrued past infringement by expressly stating it in the assignment. As set forth in *Silvers*, the assignment was sufficient to provide Plaintiff standing to sue for the past infringement.

## II.   Personal Jurisdiction

Defendant claims lack of personal jurisdiction and argues that it would be unduly burdensome to litigate in Nevada and that the Plaintiff can obtain complete and effective relief from the Canadian courts. A defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Personal jurisdiction over a nonresident defendant is established when a two-part test is satisfied. First, there must be personal jurisdiction under the laws of the state where it is asserted. *Chan v. Society Expeditions, Inc*., 39 F.3d 1398, 1404 (9th Cir. 1994). Second, the exercise of jurisdiction must satisfy due process. U.S. Const. amend XIV, 1; *Chan*, 39 F.3d at 1404–05.

---

[2] Defendants do not question, nor do the parties address the true nature of the transfer or any other possible defects related to Plaintiff's standing. Regardless of the assignment's assertions, if only a right to sue was transferred; Plaintiff may lack standing. *ABKCO Music*, 944 at 980 (Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf.); citing, *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27 (2nd Cir. 1982).

For a non-resident defendant, the assertion of jurisdiction is constitutionally proper under the Due Process Clause of the Fourteenth Amendment only where there are continuous and systematic contacts with the forum state (general jurisdiction), *Bauman v. DaimlerChrysler Corp.*, 579 F.3d 1088, 1094 (9th Cir. 2009), or when there are sufficient minimal contacts with the forum state such that the assertion of personal jurisdiction does not offend traditional notions of fair play and substantial justice (specific jurisdiction), *Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

The Ninth Circuit employ's a three-part test to determine whether the exercise of specific jurisdiction satisfies the requirements of due process: (1) the defendant must have purposely availed itself of the privilege of conducting activities in the forum; (2) the plaintiff's claim must arise out of that activity; and (3) the exercise of jurisdiction must be reasonable. *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990).

To determine the first part of the Ninth Circuit's test, the "effects" test of *Calder v. Jones*, 465 U.S. 783, 789-90 (1983), is used to determine if the defendant purposefully availed itself of the privilege of conducting activities in the forum. "Under *Calder* the 'effects' test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 803 (9th Cir. 2004). The Ninth Circuit found that where a defendant "willfully infringed copyrights owned by [the plaintiff], which, as [the defendant] knew, had its principal place of business in the Central District [of California], "[t]his fact alone is sufficient to satisfy the 'purposeful availment' requirement." *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1994). Adopting this reasoning, another court in this district recently

1  found that it "is common knowledge that the Las Vegas Review Journal newspaper is
2  published and distributed in Las Vegas, Nevada by the party which assigned the
3  copyrights together with the right to seek redress for past, present and future
4  infringements." *Righthaven LLC, v. Dr. Shezad Malik Law Firm P.C.*, No. 2:10-cv-0636-
5  RLH-RJJ, 2010 WL 3522372, at *1 (9th Cir. Sept. 2, 2010). Likewise, in this case,
6  Defendant is imputed the common knowledge that the Las Vegas Review Journal
7  newspaper is published and distributed in Las Vegas, which is in the forum state of
8  Nevada. Thus, the first prong of the Ninth Circuit's three part test is satisfied.

9  　　　　The second prong of the Ninth Circuit's test to determine whether the exercise of
10 specific jurisdiction satisfies due process is that the plaintiff's claim must arise out of that
11 activity conducted in the forum state.  This is easily satisfied as Plaintiff's claim, that
12 Defendant allegedly infringed the copyrighted material, arose from the local publication
13 of the article in the state of Nevada by the Las Vegas Review Journal and its subsequent
14 posting on the local publisher's LVRJ website.

15 　　　　 Finally, under the third prong of the Ninth Circuit test, Plaintiff must demonstrate
16 that the exercise of jurisdiction is reasonable.  "[T]here is a presumption of
17 reasonableness upon a showing that the defendant purposefully directed his action at
18 forum residents which the defendant bears the burden of overcoming by presenting a
19 compelling case that jurisdiction would be unreasonable." *Columbia*, 106 F.3d at 289
20 (quoting *Haisten v. Grass Valley Medical Reimbursement*, 784 F.2d 1392, 1397 (9th Cir.
21 1986) (citing *Burger King*, 471 U.S. at 477, 105 S.Ct. at 2184-85).  The five factors to
22 consider when determining if the exercise of personal jurisdiction would be unreasonable
23 are: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the
24 dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the
25 interstate judicial system's interest in obtaining the most efficient resolution of

controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies. *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 292 (1980).

Defendant argues that it would be unduly burdensome to litigate in Nevada, namely because: (1) a main witness, "Clevfan" is outside the Court's subpoena power, (2) Nevada only has a neutral interest in this case, (3) there is an adequate alternative forum in Canada, (4) Canada is closer to the witnesses and to the physical evidence than Nevada, and (5) there are no substantive social policies of Nevada that would be burdened by the resolution of this case in a Canadian court.  While Defendant has made a strong case regarding factor number one (burden on the defendant), that is not sufficient to overcome factors two thru five.  Arguably, the forum state has an interest in adjudicating an infringement upon a news article originated by the forum state's largest local newspaper publisher written about the Las Vegas, Nevada-based sports books.  The Las Vegas Review Journal's subscribers are purportedly primarily residents of the forum state of Nevada and the LVRJ advertisers consist mainly of local Nevada businesses.  Any infringement could reasonably be expected to affect them as well.  Finally, Plaintiff has named numerous Defendants in other identical suits each from numerous other states.  The interstate judicial system would benefit from the efficient resolution of this case in the same forum as the others. This would serve fundamental substantive common social policies.

Defendant argues that the Plaintiff can obtain complete and effective relief from the Canadian courts.  However, this case concerns United States copyright laws.  While Canada may have a similar cause of action for copyright infringement, a United States court is better situated to apply and rule on the law in this case.  As the court finds that the infringement happened in the United States (*see infra* Section III) and the copyright is

1 registered in the United States this factor weighs heavily in Plaintiff's favor to litigate this
2 claim in Nevada.  Accordingly, the Defendant has not overcome the presumption of
3 reasonableness and this Court has personal jurisdiction over Defendant.

**III.     Failure to State a Claim**

Defendant argues that Plaintiff's Complaint does not allege any infringing activity occurring in the United States.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007). However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim.  *Id.*   In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court recently clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable

1  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ----
2  U.S. ----, 129 S.Ct. 1937, 1949 (2009).  The Court in Ashcroft further stated "[w]here a
3  complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops
4  short of the line between possibility and plausibility of entitlement to relief.'" *Id.*
5  Therefore, merely making an allegation is not enough to survive a motion to dismiss;
6  facts that a particular defendant may plausibly be liable for the alleged conduct must be
7  pled.

8      In addition "the United States copyright laws do not reach acts of infringement
9  that take place entirely abroad." *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d
10  1088, 1098 (9th Cir. 1994).  "[P]laintiff can only state a claim fully cognizable under the
11  copyright laws by alleging an act of infringement within the United States." *Kolbe v.*
12  *Trudel*, 945 F. Supp. 1268, 1270 (D. Ariz. 1996).

13      While Plaintiff's Complaint in this case does not specifically allege that the
14  alleged infringement occurred within the United States, when adjudicating the
15  defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6), all reasonable inferences
16  from the complaint's factual allegations must be drawn in favor of the plaintiff.  *Usher v.*
17  *Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The complaint does allege that the
18  articles copied were "from a source emanating from Nevada."  Furthermore, it is not
19  difficult to infer that since Righthaven discovered the infringing material on
20  Majorwager's website, it likely did so in its Nevada office and therefore any infringement
21  on the part of Defendant took place within the United States. *See United Feature*
22  *Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F.Supp.2d 198, 225 (S.D.N.Y.
23  2002) (holding that a New York based newspaper stated a claim of copyright
24  infringement based upon Canadian agent's display on its Internet website because the
25  website could be accessed from the United States).  Moreover, the Complaint sufficiently

pleads factual allegations to sustain a claim. Plaintiff has sufficiently demonstrated that (1) the Plaintiff owns the copyrights; and (2) defendant infringed the copyright by duplicating Plaintiff's article and placing the article on defendant's website. *See, Miracle Blade, LLC. v. Ebrands Commerce Group, LLC*, 207 F.Supp.2d 1136 (D. Nev. 2002). Therefore, this Court finds that Plaintiff has pled facts sufficient to sustain a cause of action.

## CONCLUSION

IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss (ECF No. 8) is DENIED.

DATED this 28th day of October, 2010.

_____
Gloria M. Navarro
United States District Judge